**LOGOTAEAO I.H.K. ROBERTS, Claimant**

v.

**ELVIS R. PILA PATEA, Counter-Claimant**

**In the Matter of the Matai Title "PATEA"**

In the High Court of American Samoa
Land and Titles Division

MT No. 3-93

February 25, 1994

Before RICHMOND, Associate Justice, TAUANU‘U, Chief Associate Judge, AFUOLA, Associate Judge, LOGOAI, Associate Judge, and BETHAM, Associate Judge.

Counsel:      For Claimant, Togiola T.A. Tulafono
              For Counter-Claimant, Malaetasi M. Togafau

Opinion and Order:

On July 21, 1992, Logotaeao I.H.K. Roberts ("Logotaeao") filed with the Territorial Registrar her claim of succession to the matai title Patea of the Village of Pago Pago. The 60-day notice period for filing counterclaims or objections began on July 23, 1992. On September 18, 1992, Elvis R. Pila Patea ("Elvis") filed his counterclaim petition. On February 12, 1993, following the required hearings, the Secretary of Samoan Affairs issued a certificate of irreconcilable dispute. On

February 23, 1993, the Territorial Registrar submitted the matter to the court for judicial resolution. Trial was regularly held on February 7, 1994.

■ At the conclusion of the evidence, Logotaeao moved for dismissal of Elvis's counterclaim on the grounds that he was ineligible to file a claim, as he was not a resident of American Samoa for one year immediately preceding the filing of his counterclaim. This residency requirement is found in A.S.C.A. § 1.0404(a). Physical presence is excepted by A.S.C.A. § 1.0404(b) only by registering with the Territorial Registrar absences for attendance at an educational institution, service in the United States armed forces, medical treatment and recuperation, temporary traveling, or missionary work as a minister. *See In re Matai Title "Fagaima"*, 4 A.S.R. 83 (Land & Titles Div. 1973); *In re Matai Title "Afoafouvale"*, 4 A.S.R. 145 (Land & Titles Div. 1975). We first address the motion.

In 1985, Elvis graduated from law school in California and returned to American Samoa. Upon learning that admission to practice law before the highest court of record of a state or territory of the United States or a comparable foreign jurisdiction was a prerequisite to admission to practice law in American Samoa, he went to Hawaii, passed the bar examination and was admitted to practice there, and became employed as a deputy public defender in the Hawaii State Public Defender's Office. He returned to American Samoa in August of 1992.

Elvis was in Hawaii to promote his legal career and always intended to return to American Samoa as his permanent home. In a domiciliary sense, he never lost his residence here. *See Texas v. Florida*, 306 U.S. 398, 413-14, 424 (1939) ("Residence in fact, coupled with the purpose to make the place of residence one's home, are the essential elements of domicile." *Id.* at 424); *see also* A.S.C.A. § 6.0212. However, his purpose did not come within any of the five types of excused absences. Moreover, even if his purpose was somehow acceptable, he failed to register his absence. Thus, Logotaeao's motion to dismiss Elvis' counterclaim is well-taken and must be granted.

■ Elvis' counterclaim is deficient in two other particulars as well. First, he does not possess all of the qualifications to succeed to a matai title, as required by A.S.C.A. § 1.0403. A person who is not born "on American soil" is eligible for a matai title only if (1) he is born of parents who were inhabitants of American Samoa but temporarily residing outside American Samoa at the child's birth, and (2) as

applicable to this case, he has resided in American Samoa for a continuous period of at least ten years prior to filing his claim to a title. A.S.C.A. § 1.0403(b). Elvis was born in Fiji, where his parents were then residing and his father was employed in the civil service of the Government of Fiji. His father was an American Samoan. His mother was a Western Samoan. Before his parents moved to Fiji, they resided in Western Samoa. While the evidence did not precisely define the period of their residency in Fiji, the period was clearly extended and included Elvis' first five years of life.

Elvis met the requirement of ten years of continuous residence in American Samoa. However, his parents were neither inhabitants nor temporarily residing outside of American Samoa when he was born. Thus, his eligibility as a foreign-born person has not been established, and his counterclaim is also properly dismissed for this reason. *See In re Matai Title "I'aulualo"*, MT No. 2-92, slip op. at 4-6 (Land & Titles Div. Jan. 26, 1994).[1]

■ Second, Elvis' counterclaim petition was signed by only 17 supporting blood members of the Patea family, who are at least 18 years of age and current residents of American Samoa, rather than the minimum of 25 such members, as mandated by A.S.C.A. § 1.0405(b). The petition was accompanied by Elvis' affidavit that the Patea clan had fewer than 25 eligible members, which would provide the basis, under the same statute, to proceed with processing the petition. During the trial, however, Elvis testified that the extended Patea family has between 100 and 200 members. In addition, Logotaeao's petition contains 26 supporting signatures. Clearly, the Patea family does not come within the statutory, small-family exception. Hence, Elvis's petition is also defective, and his counterclaim is further subject to dismissal for this reason. *See In re Matai Title "I'aulualo"*, slip op. at 3-4.

Logotaeao's claim can fare no better. While her petition contained 26 supporting signatures, she admitted that two of them were in fact signed

---

[1] We take note of and agree with the concurring opinion in *In re Matai Titlt I'aulualo*, that recommends reassessment by the Legislature of American Samoa of the purpose served by including a requirement that the parents of a foreign-born claimant to a matai title be inhabitants of American Samoa and outside the Territory for a transitory reason when the claimant was born. The underlying policy appears to be assurance of a lasting, stable and knowledgeable relationship with American Samoa and Samoan customs and traditions. Today, at least, it is difficult to fathom any basis for equating the status of parents at the time of a claimant's birth, in itself, as indicative of qualifications for holding a matai title.

by the signatories' mother. Thus, her petition likewise lacks the requisite number of valid signatures, and her claim must also be dismissed.

Accordingly, both Logotaeao's claim and Elvis' counterclaim to the matai title Patea of the Village of Pago Pago are dismissed, and the matter of the selection of a successor titleholder is remanded to the Patea family for resolution.

It is so ordered.